**UNITED STATES of America and Thomas L. Kautz, Revenue Agent of the Internal Revenue Service, Petitioners,**

v.

**BANK OF MONTE VISTA and John Jackson, Vice President, Respondent.**

Civ.A. No. 78–W–458.

United States District Court,
D. Colorado.

June 15, 1978.

Joseph F. Dolan, U. S. Atty., Lena A. Wilson, Asst. U. S. Atty., Denver, Colo., for petitioners.

Bruce Buell, Denver, Colo., for Colorado Bankers Association.

Richard Slivka, Denver, Colo., for Colorado Bar Association.

Gordon H. Rowe, Jr., Monte Vista, Colo., for respondent.

## MEMORANDUM OPINION

WINNER, Chief Judge.

In its wisdom, in 1976, Congress enacted 26 U.S.C. § 7609, and the new statute has spawned troubles galore for banks, credit agencies, credit unions, brokers, accountants and lawyers. Congress says that they are "third party record keepers" falling within the ambit of the statute, and, incongruously, they get hauled into court because they have *obeyed* the law. Worse yet, the government tenders an order requiring them to appear in person just because that most inconvenient method of meeting the statute's requirements is a little more expedient from the standpoint of the IRS. [I have been told that these IRS procedures are those which have been used throughout the country, but, speaking for all judges on this court, we in Colorado just can't go along with these inconsiderate methods.]

The facts of this case highlight the problem. It appears that the IRS is looking into the affairs of one Horace W. Huggins. He is a customer of the Bank of Monte Vista, and the IRS served an administrative summons on the bank and one of its officers to produce in Pueblo, Colorado, a year's records of Huggins' dealings with the bank. Leaving for later comment the command of the IRS summons that the records be produced in Pueblo, the bank has not the slightest objection to the production of the records at a reasonable time and place, but, because of the 1976 amendment to the statute, the law prohibits the bank from doing what the IRS wants and what the bank is willing to do. This grotesque situation comes about because of the 1976 amendment of the statute. The statute defines third-party record keepers, and says that when an IRS summons is served on one of them, the IRS has to give notice of the summons to the person under investigation. How the notice has to be given and the allowable time within which the taxpayer must act are all spelled out in subparagraph (a) of § 7609. Subparagraph (a) gives no trouble, but the problems come up under subparagraph (b). That subparagraph says:

"(b) Right to intervene; right to stay compliance.—

"(1) Intervention.—Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.

"(2) Right to stay compliance.—Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to stay compliance with the summons if, not later than the 14th day after the day such notice is given in the manner provided in subsection (a)(2)—

"(A) notice in writing is given to the person summoned not to comply with the summons, and

"(B) a copy of such notice not to comply with the summons is mailed by registered or certified mail to such person and to such office as the Secretary may direct in the notice referred to in subsection (a)(1)."

Huggins gave the bank timely notice not to comply with the summons, and it obeyed the law. Respondents refused to show up in Pueblo in accordance with Huggins' instructions. The bank's reward for obeying the law is this lawsuit brought against it by the IRS, and, to rub salt in the wound, the IRS says that standard procedure would require that Mr. Jackson appear personally "to show cause why respondent should not be compelled to testify and produce the records demanded in the Internal Revenue Service Summons." Insofar as the statutory right to intervene is concerned, the IRS wants the court to order that the intervention has to be accomplished within 10 days after service, and that the intervention motion has to be supported by affidavits. The IRS boilerplate order winds up:

> "Only those issues raised by motion or brought into controversy by the responsive pleadings and supported by affidavit(s) will be considered at the return of this order and any uncontested allegation in the petition will be considered admitted."

Congress has created a statutory intervention of right, and I don't think that in good faith the government can say that an intervention of right must be accomplished within 10 days to be "timely" within the meaning of Rule 24. See, *7A Wright and Miller, Federal Practice and Procedure, § 1916.* No more do I think that the allowable times spelled out in Rule 12 can be cut down to 10 days, and I don't think that giving respondents 20 days to answer is prejudicial to plaintiffs. After all, the record in this case shows that the administrative summons was served December 1, 1977, and Huggins stayed compliance by letter of December 7, 1977. Yet, it took the government until May 2, 1978, to file this case. If the government needs three months, it doesn't strike me as unreasonable to give the bank three weeks.

Some pleadings under Rule 65 have to be verified, but I doubt that the government can insist that a response to one of its petitions must be under oath. This would be something new under the Federal Rules

of Civil Procedure which abolished code pleading requirements of verified pleadings. To limit the issues to those raised in the pleadings filed within 10 days (as the boilerplate order is phrased) would prohibit amendments and the limitation wouldn't hold up under Rule 15 and the many cases decided under it. See, *6A Wright and Miller, Federal Practice and Procedure, § 1488.* I suspect that an amendment could even deny something as to which denial was inadvertently overlooked, but this would be emphatically prohibited under the government's proposed ex parte order. It would be most convenient to the government to disregard many of the commands of the Federal Rules of Civil Procedure, but the government can't do this any more than the IRS can go ahead with its investigation after the taxpayer has taken advantage of the stay procedures given him by Congress, and we on this court refuse to knuckle under to the procedures advocated by the IRS and the United States Attorney.

As a further slap in the face for obeying the law, under plaintiffs' boilerplate order, not only would respondents have to appear personally, but the government would escape payment of the ordinary witness fees and mileage which have to be paid when subpoenas instead of show cause orders are used. The distance is not inconsequential. It is a 425 mile round trip from Monte Vista to Denver, the only place this court regularly sits. From the standpoint of the IRS, this is expedient, but when Congress required that the taxpayers be given notice of IRS investigations of their dealings with financial institutions, accountants and lawyers, and when Congress spelled out how a taxpayer can force an automatic stay on those investigations, I don't think that Congress intended that the financial institutions, accountants and lawyers subject to the law be whipsawed because a customer or client had a dispute with the IRS. In any event, the judges in Colorado are not going to go along with this program of expediency on the part of the government, and we have refused and we will continue to refuse to sign the boiler-

plate ex parte show cause orders tendered to us.

■ A way has to be worked out to avoid punishing a person or a business just because that person or business obeys the law.[1] As a first step, instead of signing the expedient IRS boilerplate show cause orders, we are going to insist on orders substantially in the form of Exhibit A attached to this opinion. Experience may suggest improvements in this experimental form of order, but, as drafted, it imposes far fewer penalties on innocent persons subject to the provisions of 26 U.S.C. § 7609 than does the order asked for by plaintiffs.

■ I said earlier that the administrative summons orders Mr. Jackson to show up in the IRS office in Pueblo. It is a 280 mile round trip from Monte Vista to Pueblo, but, although I see no reason agent Kautz can't go to the bank (a trip by him to the bank is no longer than is a trip by respondents to Kautz' office), I see even less reason agent Kautz can't go to Alamosa where the IRS has an office. Alamosa is 17 miles from Monte Vista.

26 U.S.C. § 7605, although amended in minor particular by the 1976 Tax Reform Act, has said for a long time, and it now says, that the time and place for examination "shall be such time and place as may be fixed by the Secretary *and as are reasonable under the circumstances.*" Perhaps the circumstances are such that it is reasonable to demand that a disinterested third person employed by a disinterested bank drive 280 miles to bring the bank's records to an IRS office, but I suggest that those compelling circumstances don't stand out on the face of this record.[2] I do not pass on the reasonableness of this summons because I am not sufficiently advised of the facts, but I emphatically do not order that respondents show up in Pueblo. They retain all rights to challenge in any appropriate proceeding the reasonableness of the time and place of the examination.

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA, and (name of agent), Revenue Agent of the Internal Revenue Service, <br><br> Petitioners, <br> vs. <br><br> (persons named in IRS summons), <br><br> Respondents. | CIVIL ACTION NO. _____ <br><br><br> O R D E R |

In accordance with the provisions of 26 U.S.C. § 7402, *et seq.*, petitioners have asked the court to order the production of certain records of respondents having to do with the affairs of (name of taxpayer). The petition recites that when (name of taxpayer) was advised of the service of the Internal Revenue Service summons on respondents who are third party record keepers as defined in 26 U.S.C. § 7609(a), (name of taxpayer) utilized the provisions of 26 U.S.C. § 7609(b)(2) which says that the person under investigation:

"   .   .   .   shall have the right to stay compliance with the summons if, not later than the 14th day after the day such notice is given   .   . . . .   (A) notice in

---

1. We asked for and received the cooperation of the Colorado Bar Association and the Colorado Bankers Association in trying to work with the government on a draft of an order.

2. It is encouraging to be told that the IRS is presently rethinking its rules and regulations in this area.

writing is given to the person summoned not to comply with the summons, and (B) a copy of such notice not to comply with the summons is mailed (as is provided in the statute.)"

Under these circumstances, the statute requires that third party record keeper respondents refuse production of the records unless the production be ordered by the court. If respondents are refusing to produce the records only because of the stay resulting from the utilization by (name of taxpayer) of the provisions of 26 U.S.C. § 7609(b)(2), respondents are directed to so advise the court in writing within 20 days after service of this order. If respondents' refusal is based on any other ground, they shall so notify the court in writing within the same 20 day period, and the additional reasons, if any, for the refusal shall be set forth in the same written response.

A copy of this order shall be served in the manner and on the persons entitled to notice under the provisions of 26 U.S.C. § 7609(a), and the petition is set for hearing on _____, at _____ o'clock ___.M., in Courtroom _____, United States Courthouse, Denver, Colorado. At that time, any person properly before the court may, but they are not required to appear. A default judgment for the relief demanded in the petition may enter against any properly served named respondent who fails to appear at the hearing.

Dated this _____ day of _____, 197__.