UNITED STATES of America and Haig Mathosian, Special Agent Internal Revenue Service, Petitioners,

v.

MANUFACTURERS HANOVER TRUST CO., Chase Manhattan Bank, and Williamsburg Savings Bank, Respondents.

No. M–18–304 (CBM).

United States District Court,
S. D. New York.

Dec. 3, 1979.

---

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., Susan M. Campbell, Asst. U. S. Atty., New York City, for petitioners.

Andrew S. O'Connor, New York City, for respondent Chase Manhattan.

Bender & Frankel, New York City, for taxpayer-intervenor.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Petitioner seeks an order enforcing summonses issued and served on respondents. Taxpayer Richard K. Naughton has moved for an order permitting him to intervene in order to oppose enforcement of the summonses.

■ To obtain enforcement of the summonses, the Government "must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed." *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964). Upon such a showing, the taxpayer then has the burden of establishing that enforcement of the summons would constitute an abuse of the court's power. *Id.* at 58, 85 S.Ct. at 255. In *United States v. LaSalle National Bank,* 437 U.S. 298, 318, 98 S.Ct. 2357, 2368, 57 L.Ed.2d 221 (1978), the Supreme Court summarized the requirements for enforcement of an IRS summons:

First, the summons must be issued before the Service recommends to the Department of Justice that a criminal prosecution, which reasonably would relate to the subject matter of the summons, be undertaken. Second, the Service at all times must use the summons authority in good-faith of the congressionally authorized purposes of § 7602.

Moreover, the Second Circuit has noted that "the taxpayer must make a substantial preliminary showing before even limited discovery need be ordered." *United States v. Morgan Guaranty Trust Co.,* 572 F.2d 36, 42 n.9 (2d Cir.), *cert. denied,* 439 U.S. 822, 99 S.Ct. 89, 58 L.Ed.2d 114 (1978). In the case at hand, the taxpayer has made no

such preliminary showing. The affidavits submitted by the Government suffice to establish that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the IRS's possession, and that the required administrative steps have been followed. No recommendation of criminal prosecution has been made; nor is there any indication that the investigation is not in good faith.

 The taxpayer's sole objection to enforcement of the IRS summonses is that the information identifying the location of the taxpayer's bank accounts was obtained by "deceit, trickery and misrepresentation" constituting an unreasonable search and seizure in violation of the fourth amendment. The taxpayer's argument must fail in light of the Supreme Court's holding in *United States v. Miller*, 425 U.S. 435, 442, 96 S.Ct. 1619, 1623, 48 L.Ed.2d 71 (1976), that a taxpayer has no fourth amendment "expectation of privacy" in records of his account kept by his bank. In denying the taxpayer's motion to suppress a subpoena served upon the banks, the Court held that "[s]ince no Fourth Amendment interests of the depositor are implicated here, this case is governed by the general rule that the issuance of a subpoena to a third party does not violate the rights of a defendant, even if a criminal prosecution is contemplated at the time the subpoena is issued." *Id.* at 444, 96 S.Ct. at 1624. Thus, the taxpayer in the case at hand simply lacks standing to challenge the IRS summonses on fourth amendment grounds.

 In summary, the Government has satisfied its burden under *United States v. Powell* of demonstrating the propriety of the summonses and the Government's need for the bank records. The fact that the investigation is being pursued by both criminal and civil IRS investigators in no way detracts from the enforceability of the summonses. *United States v. Morgan Guaranty Trust, supra*, 572 F.2d at 42.

 Of course, the taxpayer does have a right to intervene in this action pursuant to 26 U.S.C. § 7609, and his motion for intervention is accordingly granted. In the case at hand, however, the taxpayer has not successfully advanced any grounds for opposing enforcement of the summonses.

 Respondent Chase Manhattan Bank's arguments opposing enforcement of the summonses are no more persuasive than the taxpayer's arguments. Chase Manhattan has submitted two affidavits stating that compliance with the summonses will be "difficult, burdensome and oppressive." Nevertheless, Chase Manhattan has a duty of cooperation in this case. *See, e. g., United States v. Dauphin Deposit Trust Co.*, 385 F.2d 129, 130 (3d Cir. 1967), *cert. denied*, 390 U.S. 921, 88 S.Ct. 854, 19 L.Ed.2d 981 (1968). If the cost involved in complying with the summonses exceeds that which the bank may reasonably be expected to bear as a cost of doing business, the bank may then seek reasonable reimbursement for the cost of compliance. *United States v. Friedman*, 532 F.2d 928, 938 (3d Cir. 1976). However, Chase Manhattan certainly may not resist enforcement on this ground.

For the reasons stated above, the Government's petition for enforcement of the IRS summonses must be granted.

So Ordered.