**UNITED STATES of America and Special Agent Internal Revenue Service, Brigham Simmons,**

v.

**FIRST STATE BANK and its Vice President, Hugh R. Fleming.**

**Civ. A. No. 679–42.**

United States District Court, S. D. Georgia, Swainsboro Division.

Jan. 16, 1980.

William T. Moore, Jr., U. S. Atty., Savannah, Ga., J. Michael Faulkner, Asst. U. S. Atty., Augusta, Ga., for petitioners.

No appearance for respondents.

Robert F. Wright, Jr., Augusta, Ga., for Peters-intervenor.

## ORDER

BOWEN, District Judge.

This matter arose when the United States Attorney titled a petition for the enforcement of an Internal Revenue Service summons which had been served by Revenue Service Agent Simmons on the First State Bank of Wrens. The bank was a third-party record keeper as contemplated in 26 U.S.C. § 7602 *et seq.* The individual around whom the investigation centered, Robert Randall Peters, had, pursuant to the provisions of 26 U.S.C. § 7609, directed the bank not to comply with the summons. The bank did not, and the Government would now enforce the summons.[1]

The taxpayer has intervened with counsel and seeks to test the validity of the summons issuance. No contest is made as to the propriety of the summons format and substance. The only dispute is whether a summons can be issued under the sole authority of 26 U.S.C. § 7602 when an alleged criminal investigation is ongoing. The basic question put forth by the taxpayer concerns the Government's real purpose behind the summons. He states that an investigation which is criminally-oriented cannot be initiated by a summons authorized solely by 26 U.S.C. § 7602, as it is violative of Constitutional rights against illegal search and seizure.

From testimony given at the hearing, it appears that Special Agent Brigham Simmons is a member of the intelligence division of the Internal Revenue Service. Some of the cases which Agent Simmons investigates are referred to the United States Attorney for criminal prosecution. Most are not. *In camera,* the Court has examined a diary kept by Agent Simmons containing brief entries indicating the dates and hours which he has expended in his investigation of Mr. Peters. If time records are required in his employment, Agent Simmons' diary is less than ideal for such purposes and would be unacceptable in any

---

1. The Government first presented to the Court an "Order to Show Cause" which was cumbersome and inequitable to the third-party record keeper. No such order was entered. Instead an order was prepared on the example suggested by the Court in *U. S. v. Bank of Monte Vista,* 451 F.Supp. 945 (D.C.Colo.1978). A copy of the order is appended hereto.

private sector of business with which this District Judge is familiar. Regardless of its purpose, however, there is nothing in the diary which indicates that the investigation conducted by Agent Simmons into the affairs of Mr. Peters is solely a criminal investigation.

There is no information or indictment yet contemplated against anyone involved in this investigation. The revenue agent desires to determine the correctness of tax returns filed by Mr. Peters in prior years. Other than cross-examination of Mr. Simmons, no evidence was adduced at the hearing on behalf of the intervening taxpayer. The third-party record keeper, The First State Bank of Wrens, failed to appear in person or by any showing in writing.

■ The Supreme Court has stated that an Internal Revenue summons issued under § 7602 may be used in aid of investigation if it is issued in good faith and prior to a recommendation for criminal prosecution. *Donaldson v. United States*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580. Counsel for Mr. Peters has indicated that this investigation may be one concerned with narcotics activities, but even if this contention is true, Agent Simmons has testified that no recommendation for criminal prosecution has been made.

The Fifth Circuit Court of Appeals has dealt with the "good faith" requirement of the *Donaldson* case. In *United States v. Moore*, 485 F.2d 1165, referring to the *Donaldson* criteria, the Court stated:

". . . We must take this to mean that the fact that the taxpayer may be on a list of suspected narcotic violators is no more significant than if he is suspected of possible criminal tax violations. The question in both instances is, was there a concomitant purpose of civil audit of income." 485 F.2d at 1167.

Here, as in *Moore*, if narcotics transactions are revealed in the records being sought, it is probable that the failure to disclose taxable income would appear. While the Service may have received information that this taxpayer has income from narcotics or other criminal sources, the interest of the Service is dual and lies equally in the collection of tax as well as the possible recommendation of criminal prosecution.

After hearing the evidence and reviewing the briefs filed by the parties, this Court concludes that the summons issued by the Internal Revenue Service has a concomitant purpose of determination of civil tax liability which, according to the law, should be brought to conclusion with dispatch. This Court is greatly concerned by the delay attendant to this investigation. If the bank has information the Internal Revenue Service needs and can legally obtain, let it be examined and the matter concluded. The summons was issued on the 2d day of May, 1979. It was refused by the bank pursuant to the taxpayer's instructions within the short time permitted by law. For reasons blamed on the bureaucracy of the Internal Revenue Service, the petition for the enforcement of the summons was not filed with this Court until December 13, 1979. If that delay is reasonable, then this District Judge is much mistaken. The sketchy diary of Agent Simmons certainly does not indicate a workload so oppressive as to warrant this lapse of time.

IT IS HEREBY ORDERED that the summons issued by the Internal Revenue Service on the 2d day of May, 1979, is hereby enforced. Upon service upon the bank of a copy of this order, or any judgment entered by the Clerk, together with a copy of the summons aforementioned, the First State Bank of Wrens shall immediately and forthwith comply with the requirements of that summons; and each of the dictates of said summons shall be enforced and be complied with in the same manner and fashion as if contained as a part of this order. Failing therein, arrest or attachment for contempt or other penalty of law, shall forthwith issue.

IT IS FURTHER ORDERED that the judgment entered by the Clerk shall be served by the United States Marshal upon any officer of the respondent bank forthwith, and upon the taxpayer and his counsel by certified mail, return receipt requested.

IT IS FURTHER ORDERED that all costs in this case shall be taxed against the intervening taxpayer, Mr. Peters, and the judgment entered by the Clerk shall so reflect.

## APPENDIX

In accordance with the provisions of 26 U.S.C. § 7402 et seq., petitioners have asked the Court to order the production of certain records of respondents having to do with the affairs of Robert R. Peters. The petition recites that when Robert R. Peters was advised of the service of the Internal Revenue Service summons on respondents who are "third party record keepers" as defined in 26 U.S.C. § 7609(a), Robert R. Peters utilized the provisions of 26 U.S.C. § 7609(b)(2) which says that the person under investigation:

> ". . . shall have the right to stay compliance with the summons if, not later than the 14th day after the day such notice is given . . . (A) notice in writing is given to the person summoned not to comply with the summons, and (B) a copy of such notice not to comply with the summons is mailed (as is provided in the statute)."

Under these circumstances, the statute requires that third party record keeper respondents refuse production of the records unless the production be ordered by the Court. If respondents are refusing to produce the records *only because of the stay* resulting from the utilization by Robert R. Peters of the provisions of 26 U.S.C. § 7609(b)(2), respondents are directed to so advise the Court in writing within 15 days after service of this order. If respondents' refusal is based on any other ground, they shall so notify the Court in writing within the same 15 day period, and the additional reasons, if any, for the refusal shall be set forth in the same written response.

A copy of this order shall be served in the manner and on the persons entitled to notice under the provisions of 26 U.S.C. § 7609(a) and the petition is set for hearing on January 2, 1980, at 10:00 A.M., United States Courthouse, Augusta, Georgia. At that time, any person properly before the Court may appear, but they are not so required. A default judgment for the relief demanded in the petition may enter, against any properly served named respondent who fails to appear at the hearing.

This order has been couched in the plainest possible language by the Court so that the potential for confusion can be reduced to the minimum. The United States attorney and the Internal Revenue Service shall heed the form of this order for presentation in future such cases. The order originally presented is not acceptable to this district judge in light of the provisions of *United States v. Bank of Monte Vista*, 451 F.Supp. 945 (D.C.Colo.1978).

SO ORDERED, this 14th day of December, 1979.