**UNITED STATES of America and David P. Swire, Special Agent Internal Revenue Service, Petitioners-Appellees,**

v.

**KEMPER MONEY MARKET FUND, INC., et al., Respondents,**

**Robert L. Wenz and Merrick Consultants, Ltd., Proposed Intervenors-Defendants-Appellants In All Cases.**

No. 82–2384.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 24, 1983.

Decided April 7, 1983.

Barry T. McNamara, Chicago, Ill., for proposed intervenors-defendants-appellees.

George L. Hastings, Tax Div., Dept. of Justice, Washington, D.C., for petitioners-appellees.

Before PELL and BAUER, Circuit Judges, and GRAY,* Senior District Judge.

BAUER, Circuit Judge.

This is an appeal from the district court's denial of taxpayers' motions to intervene in civil summons enforcement proceedings brought by the Internal Revenue Service (IRS) against certain financial institutions that maintained records of these taxpayers' accounts. The district court denied taxpayers' motions on the ground that these taxpayers had not made a sufficient showing that the IRS lacked the requisite civil purpose for its investigation of their financial records, and, in turn, their tax liabilities. Because the district court failed to consider the taxpayers' statutory right to intervene in the civil summons enforcement proceedings as an issue distinct from what showing the taxpayers would need to make to block enforcement of the summonses, we reverse.

## I. Background

Taxpayer-appellants Robert L. Wenz (Wenz) and Merrick Consultants, Ltd. (Merrick) have been the subject of an IRS investigation of their tax liabilities for the years 1976 through 1979. Merrick is an Illinois corporation; Wenz is its president. During the course of this investigation, it came to the attention of IRS Special Agent Swire that Wenz and Merrick maintained accounts at a number of financial institutions including: the Kemper Money Market Fund, Inc., the Continental Illinois National Bank and Trust Company, the Northern Trust Bank, and the First National Bank of Highland Park. Thus, between February 24 and March 15, 1982, Swire issued civil summonses to these institutions requiring that records pertaining to these taxpayers' accounts be produced. At the taxpayers' direction,[1] each of these institutions refused to comply with the summonses.

On June 3, 1982 the IRS petitioned the district court to enforce the previously issued summonses. The district court, on June 15, issued an Order to Show Cause with respect to each summons; the orders were returnable on July 28. Merrick and Wenz, both based in Santa Barbara, California, were served with the petitions and show cause orders on June 29.[2]

Merrick and Wenz, on July 23, filed Motions to Intervene in the summons enforcement proceedings pursuant to 26 U.S.C. § 7609(b)(1). At the same time, the taxpayers filed their proposed answers to the IRS petitions for enforcement asserting that the IRS summonses had not been issued as part of a good faith civil investigation, and, further, that the summonses were overbroad because the IRS already possessed many of the records sought.

Taxpayers noticed their Motions to Intervene for and brought them before the district court on July 28, 1982—the return date of the Orders to Show Cause. At the show cause hearing on that date, the government expressed its opposition to the motions to intervene on the ground that the motions were untimely. Moreover, the government asked that no discovery be allowed until the court had decided the motions to intervene;[3] this request was granted by the court.

---

* The Honorable William P. Gray, Senior Judge of the United States District Court for the Central District of California, is sitting by designation.

1. The taxpayers took this action pursuant to 26 U.S.C. § 7609 which provides that where a civil summons is served on a third-party record-keeper, any person identified in the description of the records summoned shall have the right to stay compliance with the summons.

2. Wenz and Merrick, of course, were not then, nor have they subsequently become, parties to the enforcement proceedings.

3. Wenz and Merrick had served interrogatories on IRS counsel on July 27, and a notice of deposition for IRS Agent Swire on July 28. This discovery was sought in an effort to ascertain whether the IRS was acting pursuant to a proper civil investigatory purpose.

Following a second hearing, on August 19, 1982, the district court denied taxpayers' motions to intervene. The court based its decision solely on a finding that the taxpayers had failed to show that the IRS lacked a sufficient civil purpose; the timeliness of the motions to intervene was not addressed. The order granting enforcement of the summonses was stayed pending this appeal.

## II. Analysis

■ Under 26 U.S.C. § 7609(b)(1) Wenz and Merrick have an apparently unconditional statutory right to intervene in these summons enforcement proceedings. The financial institutions to which the summonses were issued are third-party recordkeepers within the meaning of 26 U.S.C. § 7609(a)(3). Thus, when the taxpayers' records were sought from these institutions, the taxpayers became persons entitled to notice of the summonses under 26 U.S.C. § 7609(a)(1).[4] Any person entitled to such notice is further provided with a facially unconditional statutory right to intervene in any proceeding with respect to enforcement of such summonses.[5] *See United States v. First Fidelity Bank of Colome,* 631 F.2d 568 (8th Cir.1980); *United States v. Manufacturers Hanover Trust Co.,* 485 F.Supp. 653, 655 (S.D.N.Y.1979); *United States v. Bank of Monte Vista,* 451 F.Supp. 945 (D.Colo.1978).

■ In the interest of efficient conduct of the summons enforcement proceedings, however, the statutory right to intervene must be timely exercised.[6] *United States v.* *First Fidelity Bank of Colome,* 631 F.2d 568 (8th Cir.1980). As a general matter, the determination of timeliness is to be made by the trial judge in the exercise of her or his sound discretion. *Id.* In the case before us, though, the timeliness issue was presented to the trial judge but not decided.

■ In determining whether a motion to intervene is timely, the courts take a "view of all the circumstances." *United Airlines, Inc. v. McDonald,* 432 U.S. 385, 396, 97 S.Ct. 2464, 2470, 53 L.Ed.2d 423 (1977).[7] Among the factors to be considered are: the length of time the intervenor knew or should have known of her or his interest in the case; the extent of prejudice to the original litigating parties from the intervenor's delay; the extent of prejudice to the would-be intervenor if her or his motion is denied; and any unusual circumstances. *Stallworth v. Monsanto Co.,* 558 F.2d 257, 264–67 (5th Cir. 1977).

■ We believe that a "view of all the circumstances" in this case compels the conclusion that taxpayers' motions to intervene pursuant to 26 U.S.C. § 7609(b)(1) were timely. Initially we note that 25 days elapsed between the time Wenz and Merrick first received notice of the summons enforcement proceedings and the filing of their petitions to intervene. This was one day less than the period that elapsed between the time the government filed its action and the time notice was given to the taxpayers.

**4.** In relevant part, 26 U.S.C. § 7609(a)(1) provides:

> If . . .
> (B) the summons requires the production of any portion of records made or kept of the business transactions or affairs of any person (other than the person summoned) who is identified in the description of the records contained in the summons, then notice of the summons shall be given to any person so identified . . . .

**5.** 26 U.S.C. § 7609(b)(1) provides, in part, "any person who is entitled to notice of a summons under subsection (a) *shall have the right to intervene* in any proceeding with respect to the enforcement of such summons . . . ." (Emphasis added.)

**6.** *Cf.* Fed.R.Civ.P. 24 advisory committee note. ("An intervention of right [under Rule 24] may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings.")

**7.** In *McDonald,* the Court held that post-judgment intervention by unnamed class members was timely where it was not until after judgment that it became clear that these persons' interests were no longer protected by the named class representatives. 432 U.S. at 391–96, 97 S.Ct. at 2468–2471.

The taxpayer's right to intervene in summons enforcement proceedings, 26 U.S.C. § 7609(b)(1), recognizes that it is the taxpayer, rather than a third-party recordkeeper, who has a privacy interest to protect in such proceedings. Thus, we see no prejudice to the financial institutions in allowing the taxpayers to represent their own interests. Furthermore, allowing Wenz and Merrick to intervene would not have prejudiced the IRS. The records sought are in the custody of responsible third-party institutions. Moreover, during the pendency of the summons enforcement proceedings, the statute of limitations is suspended as against taxpayers Wenz and Merrick. 26 U.S.C. § 7609(e).

On the facts of this case, then, it is clear that the taxpayers timely filed their motions to intervene. Having timely exercised their statutory right to intervene, Wenz and Merrick should have been granted an opportunity to appear as parties in the summons enforcement proceedings. The judgment of the district court to the contrary was clearly erroneous and must be reversed.

The IRS contends that taxpayers should nonetheless be denied relief because the district court accorded taxpayers the "substance" of their right to intervene, but found taxpayers' claims to be without merit. We find this argument to be of little force. At the show cause hearing on July 28, 1982, and again at the August 19 hearing, the government attorney insisted that the proper course for the trial court was first to rule on the timelines of taxpayers' motions to intervene:

> [Intervenors' counsel]: Now, if [government counsel] wants to do it in the multistage proceeding where *first we litigate the right to intervene,* then we have the discovery, and if—then we have a hearing on the appropriateness of the Service's action—

[Government counsel]: I certainly would. I certainly would, your Honor.

R. 25 (July 28 hearing) (emphasis added).[8] Because they were denied the opportunity to intervene, Wenz and Merrick were unable to raise certain defenses to enforcement of the IRS summonses.

In *United States v. Kis,* 658 F.2d 526 (7th Cir.1981), *cert. denied sub nom. Salkin v. United States,* 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982), this court granted taxpayers certain procedural rights in summons enforcement proceedings. Of paramount importance is the right to serve interrogatories on the IRS with the purpose of ascertaining whether a summons is supported by a proper civil purpose. The right to file "*Kis* interrogatories," however, is available only where the taxpayer is a party to the summons enforcement proceedings. Thus, without intervention a taxpayer will be unable to launch a proper defense to summons enforcement.

The district court placed Wenz and Merrick in a "Catch-22" situation. On the basis that taxpayers had not adequately met their burden of showing that the IRS lacked a proper institutional purpose for the summonses the court denied their motions to intervene. This, in turn, precluded the taxpayers from discovering whether the IRS was, in fact, proceeding pursuant to a proper purpose.

It is true that "once they have intervened, taxpayers face an almost insurmountable hurdle" in attempting to block enforcement of an IRS summons. *In re East Nat'l Bank of Denver,* 517 F.Supp. 1061, 1065 (D.Colo.1981). Be that as it may, each taxpayer has a statutory right to approach that hurdle as a party to the proceedings, with the full benefit of discovery rights conferred by virtue of that status. This opportunity was denied to taxpayers Wenz and Merrick.

8. At the August 19 hearing, the government reiterated its view that the right to intervene had to be decided before the court reached the merits of intervenors' claim.

> [Intervenors' counsel]: Until your Honor permits us to intervene in this case, I am not sure we can even raise [our contention that the government has not made a sufficient showing to warrant enforcement of the summonses].
> [Government counsel]: They cannot. My position would be that they can't procedurally do that—

R. 21 (August 19 hearing).

### III. Conclusion

Wenz and Merrick had a statutory right to intervene in the summons enforcement proceedings below. We find that this intervention was timely sought, and, thus, taxpayers' motions to intervene were improperly denied. Accordingly, the judgment of the district court is reversed. On remand the taxpayers should be granted leave to intervene and to serve their *Kis* interrogatories on the government.

REVERSED AND REMANDED WITH INSTRUCTIONS.