Ed H. SMITH, Michael Rembert, Danny K. Davis, Herbert Payne, Allan Streeter, Julius Hammond, Dorothy Tillman, Lovie Copeland, George H. Eddings and John Davis, Plaintiffs,

v.

The BOARD OF ELECTION COMMISSIONERS FOR the CITY OF CHICAGO and Michael E. Lavelle, James R. Nolan and Corneal A. Davis, in their capacities as members of the Board of Election Commissioners for the City of Chicago, Defendants.

Edward W. GJERTSEN, Stuart Schulman, Joseph W. Smith, Kenneth A. Lavand, Herman A. Schell, Jr., Patricia A. Hans, William T. Margalus and Dominic Costanzo, Plaintiffs,

v.

The BOARD OF ELECTION COMMISSIONERS FOR the CITY OF CHICAGO and Michael E. Lavelle, James R. Nolan and Corneal A. Davis, in their capacities as members of the Board of Election Commissioners for the City of Chicago, Members of the State Board of Elections, Richard A. Cowen, Carolyn R. Eyre, J. Phil Gilbert, Michael J. Hamblet, Joshua Johnson, John J. Lanigan, Theresa M. Petrone and Norma J. Shapiro, in their capacities as members of the State Board of Elections, and Stanley T. Kusper, Jr., in his capacity as County Clerk of Cook County, Illinois, Defendants.

Nos. 84 C 0148, 84 C 0560.

United States District Court,
N.D. Illinois, E.D.

Sept. 27, 1984.

C. Richard Johnson, Steven R. Gilford, Robert G. Perkins, Isham, Lincoln & Beale, Chicago, Ill., for plaintiffs in No. 84 C 0148.

Michael Levinson, Michael LaVelle, Bd. of Election Com'rs, Franklin J. Lunding, Jr., Charles M. Biggam, Biggam, Cowan, Marquardt & Lunding, Chicago, Ill., for Bd. of Election Com'n, LaVelle, Nolan & Davis.

Russell J. Stewart, Park Ridge, Ill., for plaintiffs in No. 84 C 0560.

Franklin S. Schwerin, Joseph L. Ponsetto and Michael C. Moses, Richard M. Daley, State's Atty. of Cook County, Chicago, Ill., for Stanley Kusper, Jr. in No. 84 C 0560.

James M. Scanlon, James Tenuto, and Neil Hartigan, Atty. Gen., State of Illinois, State Bd. of Elections, Chicago, Ill., for State Bd. of Elections, Cowen, Eyre, Gilbert, Hamblet, Johnson, Lanigan, Petrone and Shapiro, in No. 84 C 0560.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

On March 7, 1984, this Court granted plaintiffs' motion for a preliminary injunction in 84 C 0148 and granted in part and denied in part plaintiffs' motion for a preliminary injunction in 84 C 0560. 587 F.Supp. 1134. We ordered that the Board of Election Commissioners for the City of Chicago certify for placement on the ballot and to place on the ballot Dorothy Tillman, George H. Eddings and Joseph W. Smith for March 20, 1984 Ward Committeeman election.

On March 21, 1984, we granted petitions for leave to intervene on behalf of William Beavers, Homer A. Benjamin, Jessie Butler, Patricia Dixon, Thomas Forte, Walter Kozel, Mark Leonard, Connel T. McDermott, Thomas R. Merritt and Sherman Williams. We denied, however, the intervenors' motions for preliminary injunctive relief.[1] 586 F.Supp. 309.

Presently before the Court are motions to intervene by Thomas Norton and Peter Rixter and defendants' motion to dismiss the complaint of plaintiff-intervenors Dixon, Forte, Rixter and Norton, to strike their jury demand and to amend an agreed order of this Court of May 1, 1984. For reasons set forth below, Norton and Rixter's motion to intervene is granted, and defendants' motions are denied.

### The Motion to Intervene

Federal Rule of Civil Procedure 24 governs motions to intervene.[2] Courts

---

1. Thomas R. Merritt filed a motion for discovery, seeking to preserve ballot envelopes from the Second Ward Republican Ward Committeeman election. On May 1, 1984, we granted Merritt's motion and ordered defendants to preserve these envelopes, upon which write-in votes are cast.

2. Fed.R.Civ.P. 24 provides, in relevant part,

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, or-

are to consider the length of time an intervenor knew or should have known of its interest in the case; the prejudice to the original litigating parties from the intervenor's delay; the prejudice to the would be intervenor if its motion is denied; and any unusual circumstances. *United States v. Kemper Money Market Fund, Inc.,* 704 F.2d 389, 391 (7th Cir.1983). Timeliness involves examining all of the circumstances of a case and is to be determined by the court in the exercise of its discretion. *NAACP v. New York,* 413 U.S. 345, 365–66, 93 S.Ct. 2591, 2602–03, 37 L.Ed.2d 648 (1973).

■ Norton and Rixter. are registered voters in the City of Chicago. Norton is a resident of the 47th Ward and a supporter of Thomas Forte, and Rixter is a resident of the 1st Ward and a supporter of Patricia Dixon. Several of the original plaintiffs in this matter were voter-supporters of Ward Committeeman candidates. As we previously observed,

> voting implicates fundamental rights which are integral to a democratic society. These include the right to associate with others for the common advancement of political beliefs and ideas. The right of qualified voters to associate with the political party of their choice through voting is central to our basic constitutional freedoms.

*Smith v. Board of Election Commissioners,* 587 F.Supp. 1136, 1146 (N.D.Ill.1984) (citations omitted).

Thus, Norton and Rixter would be prejudiced if their motion to intervene were denied. We do not believe that their motion is untimely, as the parties are presently briefing plaintiffs and plaintiff-intervenors' motions for summary judgment. Nor will the intervention of Norton and Rixter prejudice the original litigating parties. Ac-

cordingly, Norton and Rixter's motion to intervene is granted.

### The Motion to Dismiss

■ Defendants assert that Dixon and Forte's complaint of May 15, 1984, should be stricken. In support of their motion, defendants' argue that they agreed that Dixon and Forte could file a complaint on the condition that they serve defendants with their summary judgment motion by 1:00 p.m. May 15, 1984. The motion, however, was not served until 5:00 p.m. on that date. Defendants also claim that the complaint of May 15, 1984, was an amended complaint since Dixon and Forte filed complaints on March 15 and 16, 1984. They add that Dixon and Forte lacked defendants' permission to file an amended complaint.

Defendants mischaracterize the nature of the complaints filed in this case. The complaints of March 15 and 16 were proposed complaints in support of Dixon and Forte's motions to intervene. On March 9, 1984, we granted the intervenors leave to intervene in this matter, and Dixon and Forte filed their complaints on May 15, 1984. The May 15, 1984 pleading was not, therefore, an amended complaint. Accordingly, defendants' motion to dismiss is denied.[3]

### The Motion to Strike the Jury Demand

Because we have held that the complaints filed on March 15 and 16, 1984, were proposed complaints, and that Dixon and Forte's complaint was filed on May 15, 1984, defendants' argument that Dixon and Forte's jury demand is untimely lacks merit. The jury demand was also filed on May 15, 1984. Pursuant to Fed.R.Civ.P. 38(b), a jury demand is timely as long as it is filed "not later than 10 days after service of the

---

der, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

3. We also note that Fed.R.Civ.P. 15(a) provides that pleadings may be amended either by written consent of the adverse party or by leave of court. Leave to amend, moreover, shall be "freely given when justice so requires."

last pleading directed to such issue." Dixon and Forte's jury demand was timely, and defendants' motion to strike is therefore denied.

### The Motion to Amend

■ Defendants would have this Court amend an agreed order among the parties in this case dated May 15, 1984, which provided that plaintiff-intervenors were to file affidavits in support of their summary judgment motions on or before May 15, 1984. Defendants object to plaintiffs' suggestion that they may file additional evidentiary materials with their reply memorandum and would have this Court set May 15, 1984, as the deadline for the filing of all evidentiary materials in support of summary judgment.

Such a limitation would be unfair to plaintiff-intervenors, who may wish to submit evidentiary materials in their reply to defendants' responsive memorandum. Moreover, a cutoff date of May 15, 1984, is contrary to Fed.R.Civ.P. 56(e), which provides in relevant part that "[t]he court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits." We therefore denied defendants' motion to amend the agreed order of May 1, 1984.

Accordingly, Norton and Rixter's motions to intervene are granted. Defendants' motions to dismiss, to strike the jury demand and to amend the agreed order of May 1, 1984, are denied. It is so ordered.