**HODGES, GRANT & KAUFMANN and Tom Harrell, Inc., Plaintiffs-Appellants, Cross-Appellees,**

v.

**UNITED STATES GOVERNMENT, DEPARTMENT OF the TREASURY, INTERNAL REVENUE SERVICE, Defendant-Appellee, Cross-Appellant.**

No. 84–1682.

United States Court of Appeals, Fifth Circuit.

June 17, 1985.

**1300**

Hiram C. Eastland, Jr., Jackson, Miss., for plaintiffs-appellants, cross-appellees.

Joanne E. Nitzberg, Jackson, Miss., for Jones.

Glenn L. Archer, Jr., Asst. Atty. Gen., U.S. Dept. of Justice, Tax. Div., Michael L. Paup, Chief, Appellate Div., Charles E. Brookhart, William A. Whitledge, Washington, D.C., for defendant-appellee, cross-appellant.

Before RUBIN, WILLIAMS, and DAVIS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The Internal Revenue Service issued a summons commanding an accountant to produce records pertaining to a taxpayer's business. The accountant and the taxpayer's law firm which had hired him resisted production, and the taxpayer appeared at the proceedings, but refrained from intervening in them, as he had a statutory right to do, presumably because intervention would toll the statute of limitations on assessment of any tax deficiency. After appealing a district court ruling commanding the production of the records, the taxpayer now seeks for the first time, after briefing the case on appeal, to intervene as a party to this proceeding. We hold the effort untimely and dismiss the appeal.

The IRS is conducting an investigation to determine the correct tax liabilities for the taxpayer, his wife, and ten corporations that he owns for the years 1978 through 1982. Neither the taxpayer, his wife, nor the ten corporations filed income tax returns for the five years under investigation. As part of its investigation, the IRS issued twelve summonses to an accounting firm, Tom Harrell, Inc. Harrell had been hired by the law firm of Hodges, Grant & Kaufmann, which in turn, had been hired by the taxpayer.

After the Hodges firm and Harrell filed a petition to quash the summonses on the grounds that the material summoned was protected by the attorney-client privilege or the attorney work-product doctrine, the court granted a motion to substitute as counsel for the Hodges firm the Eastland law offices. No motion was made to substitute counsel for Harrell. Thereafter, the Eastland firm filed all documents and pleadings in this action, but stated it was appearing on behalf of Billy R. Jones, even though Jones had not moved to intervene or otherwise sought to participate as a party. Moreover, no other appearance was made on behalf of either the Hodges firm or Harrell. Neither the Hodges firm nor Harrell, the only parties in the district court, filed a notice of appeal from the district court's order enforcing the summonses as to some of the materials sought. This appeal was then prosecuted solely by Jones who filed a motion to name him "individually as an appellant in the caption

of this proceeding," but did not seek otherwise to become a party. After the government had filed a motion to dismiss Jones's appeal, and in response to inquiry by the court at oral argument, Jones's counsel stated that he wished to intervene, and he has now filed a motion seeking to do so.

The Internal Revenue Service has the power to issue a summons requiring the production of records of the business transactions and affairs of a person whose tax returns are being examined.[1] If the records are not in the possession of the taxpayer but of a third person, including the taxpayer's attorney or accountant,[2] notice of the summons must be given the taxpayer.[3] A taxpayer has the right to intervene in any proceeding to enforce the summons [4] or to quash the summons.[5] If, however, the taxpayer does intervene, the running of the statute of limitations for the assessment and collection of the tax [6] or criminal prosecution [7] is suspended for the period during which the proceeding is pending.[8]

▮ Although we have been referred to no Fifth Circuit precedent, other circuits have interpreted the statute, 26 U.S.C. § 7609, as granting taxpayers "an apparently unconditional statutory right to intervene in ... summons enforcement proceedings" when the summons is issued to a third-party recordkeeper as defined in § 7609(a)(3).[9] The government contends, however, that throughout the statute, the term "proceeding" is used consistently to refer only to actions in the district courts, and that the taxpayer has an absolute right to intervene only in district court proceedings. This position is supported by the statutory language.

Section 7609(b) itself extends the right to intervene only to a "proceeding" brought for enforcement under Section 7604. Section 7604, in turn, confers jurisdiction on the appropriate district court to enforce summonses; it does not mention the courts of appeals. In addition, Section 7609(e) specifies that, if the taxpayer intervenes in the enforcement "proceeding," the applicable statutes of limitations shall be suspended during the time the "proceeding *and appeals therein*, with respect to the enforcement of such summons is pending." [10] Similarly, Section 7609(h)(1) confers jurisdiction to hear a "proceeding" brought under Section 7609 on the appropriate district court, and specifies that an order disposing of the proceedings "shall be deemed a final order which may be *appealed*." [11] Finally, the statutory priority given summons enforcement actions in Section 7609(h)(3) (since repealed) directed that the courts dispose of at the earliest date possible "proceedings brought for the enforcement of any summons, proceedings brought under this section, *and appeals....*" [12]

A different reading of the statute would frustrate the intent of Congress. The purpose of Section 7609 is to provide taxpayers and other affected parties with the means to challenge an IRS summons in situations in which the summoned party might not do so and to permit the taxpayer to raise his own defenses to the summons. It does not further that purpose to permit the taxpayer to await the outcome of the summons enforcement proceeding in the district

---

1. 26 U.S.C. § 7602.

2. 26 U.S.C. § 7609(a)(3).

3. 26 U.S.C. § 7609(a)(1).

4. 26 U.S.C. § 7609(b)(1).

5. 26 U.S.C. § 7609(b)(2)(C).

6. 26 U.S.C. § 6501.

7. 26 U.S.C. § 6531.

8. 26 U.S.C. § 7609(c).

9. *United States v. Kemper Money Market Fund, Inc.,* 704 F.2d 389, 391 (7th Cir.1983); *United States v. First Fidelity Bank of Colome,* 631 F.2d 568, 569 (8th Cir.1980); *United States v. Equitable Trust Co.,* 611 F.2d 492, 495 (4th Cir. 1979), *cert. denied,* 445 U.S. 950, 100 S.Ct. 1599, 63 L.Ed.2d 785 (1980).

10. 26 U.S.C. § 7609(e) (emphasis added).

11. 26 U.S.C. § 7609(h)(1) (emphasis added).

12. 26 U.S.C. § 7609(h)(3) (emphasis added), *repealed by* Pub.L. 98–620, Title IV, § 402(28)(D), 98 Stat. 3359 (Nov. 28, 1984).

court and then intervene only in the court of appeals if he is dissatisfied with the outcome. If the summoned party presented no defenses, or presented defenses different from those the taxpayer wished to assert, intervention in the court of appeals would not aid the taxpayer because issues not raised in the district court could not be raised for the first time on appeal.[13] The statute simply does not contemplate or permit by its express terms intervention in an appeal from the summons enforcement proceeding. Jones, therefore, has no right to intervene in this appeal.

■ Section 7609 provides no other means for a taxpayer to inject himself into a proceeding to quash a third-party summons. It is clear from both the plain language of § 7609 and the cases interpreting it that, if Jones wanted to have standing to challenge the summons, he was required formally to intervene. Yet for eighteen months, Jones refrained from intervening while jousting with the Commissioner in an effort to defeat the summons.

Having no right to intervene in this appeal, Jones may intervene only by permission of the court. Under *Donaldson v. United States*,[14] and *United States v. Newman*,[15] a taxpayer may intervene only by leave of court, authority for which is granted by Rule 24(b), Federal Rules of Civil Procedure.

Pressed by questions from this court propounded after the Commissioner sought dismissal of the appeal and Jones's brief was filed, Jones asserts that he wishes to intervene. This change of heart comes too late. "The right to intervene is subject to a requirement of timeliness under Rule 24(a) of the Federal Rules of Civil Procedure."[16]

Jones's belatedly voiced request to intervene so that he can prosecute this appeal, made only after the entry of a final order by the district court, is simply not timely.

■ As a general matter, "[t]here is considerable reluctance on the part of the courts to allow intervention after the action has gone to judgment and a strong showing will be required of the applicant."[17] Although the mere fact that judgment already has been entered does not by itself require an application for intervention to be denied, the timeliness of such a motion must be evaluated under the standards enunciated in *Stallworth v. Monsanto Co.*[18] We turn to the factors listed in that case.

1: The length of time during which Jones knew of his interest in the case before he petitioned for leave to intervene.

■ Jones knew of his interest in the case from its very inception. He received notice of the IRS summons issued to his accountant in June, 1983. The present case was filed on his behalf, and he instructed his attorney to assert the attorney-client privilege on his behalf at depositions taken during the litigation. In fact, Jones admits that he participated as a party in the District Court, "with counsel appearing solely on his behalf and filing various documents with the Court solely on his behalf."

2: The extent of the prejudice that the existing parties to the litigation may suffer as a result of Jones's failure to intervene as soon as he knew of his interest in the case.

Prejudice to the IRS is clear. Had Jones himself instituted the proceeding to quash

---

**13.** *Emory v. Texas State Board of Medical Examiners*, 748 F.2d 1023, 1027 (5th Cir.1984); *Rocket Industries, Inc. v. Southern Tire & Supply, Inc.*, 706 F.2d 561, 564 (5th Cir.1983).

**14.** 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1970).

**15.** 441 F.2d 165, 170–172 (5th Cir.1971).

**16.** *First Fidelity Bank of Colome, supra* 631 F.2d at 569; *Kemper Money Market Fund, Inc., supra* 704 F.2d at 391.

**17.** 7A C. Wright & A. Miller, Federal Practice and Procedure § 1916 (1972). *See McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1072 (5th Cir. 1972).

**18.** 558 F.2d 257 (5th Cir.1977). *See Jones v. Caddo Parish School Board*, 735 F.2d 923 (5th Cir.1984).

the summons, or had he intervened in the suit filed by his accountant and former lawyer, the limitations period would have been tolled during this litigation. Instead, Jones's former lawyer and his accountant moved to quash the summons, an action that does not toll the limitations period. By failing to intervene as soon as he knew of his interest in the case, therefore, Jones has prejudiced the IRS' ability to pursue future legal actions against him by delaying for eighteen months the time when the IRS might have investigated the taxpayer's records.

3: The extent of prejudice that Jones may suffer if his petition for leave to intervene is denied.

Jones asserts that failure to allow him to intervene, "will result in prejudice to him, impairing his ability to protect his interests in the books and records sought by the summonses since he would be prevented from asserting the relevant documentary privileges precluding disclosure of the documents involved herein." Given that he participated so fully in the district court determination of this issue and does not claim that his representation was less than fully adequate in any regard, the prejudice to Jones if his petition for leave to intervene is denied is negligible. He is denied only the right to appeal an order directed against the parties whom he has up to now allowed to be the sole defenders of his alleged attorney-client and work product privileges. The records sought are records created by an accounting firm in which Jones has no interest whatsoever.

4: The existence of unusual circumstances militating either for or against a determination that the application is timely.

The only unusual circumstance present in this case tilts the scales towards finding that Jones's application for leave to intervene is untimely. Jones was fully aware of the litigation, and deliberately chose not to intervene in order to avoid tolling the statute of limitations. In fact, Jones's initial brief stressed that his "motion requesting

that he be named individually as an Appellant in this proceeding is not the equivalent of a motion to intervene or a motion to join...."

Jones demonstrated calculated disregard of the proper procedure for a taxpayer to follow to participate in a procedure to quash an IRS summons. Now that his plan has failed, he cannot belatedly change his strategy and intervene.

For these reasons, the motion to intervene is DENIED, and, no other party having sought to appeal, the appeal is DISMISSED.

A separate decision on defendants' cross-appeal was rendered on August 19, 1985, No. 84–1682 (5th Cir.).