Gary SOUTH, Plaintiff-Appellee,

v.

Charles ROWE, et al.,
Defendants-Appellants.

No. 84–2165.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 22, 1985.

Decided April 8, 1985.

Rehearing Denied June 13, 1985.

Seth J. Weinberger, Mayer, Brown & Platt, Chicago, Ill., for plaintiff-appellee.

Thomas P. Marnell, Illinois, Atty. Gen., Chicago, Ill., for defendants-appellants.

Before BAUER and POSNER, Circuit Judges, and SWYGERT, Senior Circuit Judge.

SWYGERT, Senior Circuit Judge.

Illinois State prison officials ("Illinois") appeal from the district court's order allowing, *inter alia*, appellee-inmate Thomas Radick to intervene to enforce a consent decree negotiated by Illinois and plaintiff Gary South, a former inmate. We affirm this intervention order. The district court proceeded to void a provision of the consent decree that limited judicial enforcement of the decree to two years. 102 F.R.D. 152. We reverse this aspect of the order.

I

Plaintiff South, while an inmate at the Sheridan Correctional Center ("the prison"), filed an action in federal district court to compel improvement of prison library facilities and for money damages caused by Illinois' attempt to discipline him for filing a complaint about the facilities. On February 11, 1982, more than a year after he had left the prison, South settled the action. The parties negotiated a proposed consent decree, which was approved by the court, that required South to waive his right of action in return for (1) $2000, plus $1000 in attorney fees; (2) Illinois' promise to maintain a certain specified collection of materials in the prison law library, to inventory the collection, to provide access to inmates 35.5 hours per week, to provide typewriters and photocopying services, and to post a list of these obligations in the law library; and (3) Illinois' promise to allow counsel to inspect the premises for compliance with the decree. Finally, the decree provided that the "Court would retain for a period of two years jurisdiction over the parties and of the actions for carrying out and enforcing the provisions of this decree."

On February 10, 1984, one day before the two-year period specified in the decree was due to expire, Radick filed a motion to intervene to enforce the decree and to extend the court's jurisdiction over the decree for an additional two years. Radick alleged he was a third-party beneficiary of the consent decree because he enjoyed access to the prison library. He further alleged that Illinois had violated numerous

conditions of the decree in the course of moving the library to temporary quarters pending construction of a permanent facility, which, Illinois had assured Radick's counsel, would be completed in January 1984. Yet, Radick and counsel learned in January 1984 that the permanent facility would not be completed for another year.

The district court issued an order on June 13, 1984 declaring Radick to be an intervenor and enforcing the decree for his benefit without regard to the expiration of the two-year period mentioned in the decree. The court reasoned that the two-year limitation was void because it was an illegal attempt to limit the subject matter jurisdiction of the court.

## II

### A. Intervention

Illinois apparently defines Radick's intervention as permissive and urges that we reverse for an abuse of discretion. *See* Fed.R.Civ.P. 24(b). We hold that Radick could intervene as a matter of right and affirm the order of intervention on that basis. *See* Fed.R.Civ.P. 24(a)(2) (non-statutory mandatory intervention). A person has a right to intervene in an action if (1) he "claims an interest relating to the ... transaction which is the subject of the action," (2) "the disposition of the action may as a practical matter impair or impede his ability to protect that interest," (3) his interest is not "adequately represented by existing parties," and (4) the motion for intervention is "timely."

The district judge correctly found that Radick, as a current inmate-user of the library, was an intended third-party beneficiary of the consent decree. Because South was no longer an inmate when he negotiated the decree, the only explanation

for the decree's continued regulation of the library was to benefit current and future inmates who could avail themselves of the decree's enforcement provisions as third-party beneficiaries. Accordingly, the first two requirements of Fed.R.Civ.P. 24(a)(2) were met.[1] As for the third, because South was no longer an inmate with an incentive to monitor and enforce the decree, Radick's interests were not "adequately represented by existing parties."

The only remaining criterion to be met is that of timeliness. Such a determination is committed to the sound discretion of the district judge. *United States v. Kemper Money Market Fund, Inc.,* 704 F.2d 389, 391 (7th Cir.1983). Although the court's judgment as to timeliness is made under the totality of the circumstances, the following factors should be considered: (1) the length of time the intervenor knew or should have known of his interest in this case, (2) the prejudice to the original parties caused by the delay, (3) the resulting prejudice to the intervenor if the motion is denied, and (4) any unusual circumstances. *Id.*

The district judge did not abuse his discretion in considering these four factors and finding the motion timely. Although the motion was filed a day before the consent decree was to expire, Radick's counsel had learned only the previous month that construction would be delayed to the detriment of Radick's interests. There is no indication in the record that Illinois was prejudiced by this delay, whereas the prejudice to Radick would be significant if he were not allowed to intervene to remedy past and future violations of his library rights as a third-party beneficiary.[2] Finally, it was appropriate for the district judge to consider as an "unusual circumstance"

---

1. Our conclusion that a nonparty's status as a third-party beneficiary of a consent decree is the kind of interest meriting intervention is bolstered by Congress' express directive that "[w]hen an order is made in favor of a person who is not a party to the action, he may enforce obedience to the order by the same process as if he were a party." Fed.R.Civ.P. 71.

2. Radick's alternative was to file a new suit in his own name. Yet such a suit would be costly, would result in further delays that could possibly moot the underlying controversy, and would not be assured of success.

the desirability of avoiding a multiplicity of lawsuits.

### B. Modification of the Consent Decree

■ Turning to the merits of the dispute, we note that a consent decree is a form of contract, and, as such, the rules of contract interpretation are applicable. *Ferrell v. Pierce,* 743 F.2d 454, 461 (7th Cir. 1984).[3] The plain meaning of language of a contract or consent decree is a pure question of law, subject to *de novo* review by the appellate court. *United States v. Board of Education of the City of Chicago,* 717 F.2d 378, 382 (7th Cir.1983).[4] On the other hand, if the intent of the parties is not unambiguously expressed by the language of the decree, the district court may review extrinsic evidence and enter subsidiary factual findings as to the parties' intent, which are reviewed only for clear error. *See Ferrell,* 743 F.2d at 461 ("[w]e must ensure ... that the factual conclusions underlying the decision are not clearly erroneous"); *Fox v. United States Department of Housing and Urban Development,* 680 F.2d 315, 319–20 (3d Cir.1982).

■ Because the district judge here did not consider any extrinsic evidence of intent, he apparently deemed the plain meaning of the consent decree's two-year limitation clause to be an illegal restriction on the subject matter jurisdiction of the court. We review this interpretation *de novo* and find it erroneous. Indeed, the only reasonable construction of the clause is that Illinois agreed to waive its rights to contest South's action in return for the two years of judicial supervision of its library facilities. To be sure, the clause was couched in jurisdictional terms, and parties cannot privately agree to restrict the subject matter jurisdiction of the court. Nevertheless, the clause cannot logically be defined as such an illegal private agreement because the decree had been judicially approved. The district judge who originally approved the decree [5] obviously must have interpreted the clause as a bona fide two-year limitation.

■ Of course, the parties could not agree to restrict the court's equitable powers to modify its judgment enforcing the consent decree, including the two-year limitation period, in light of "changed circumstances." *See United States v. Swift & Co.,* 286 U.S. 106, 114, 119, 52 S.Ct. 460, 462, 464, 76 L.Ed. 999 (1932); *Freedman v. Air Line Stewards & Stewardesses Assoc.,* 730 F.2d 509, 513–14 (7th Cir.), *cert. denied,* — U.S. — 105 S.Ct. 275, 83 L.Ed.2d 211 (1984). Accordingly, Radick urged at oral argument that we remand for further proceedings to determine whether changed circumstances merited an extension of the decree's time-span. This might be a winning argument if it had been properly presented below; we hold it was not.

We are far from convinced by Radick's assertion at oral argument that he had argued "changed circumstances" below. He cited no legal authority or specific legal theory to justify relief; his motion simply alleged violations of the consent decree and, *ipse dixit,* urged extension as the remedy. Nevertheless, we hesitate to find a waiver because Radick did allege facts that indicated changed circumstances: the unforeseen construction delays.

---

3. On the other hand, because the consent decree represents a judicial sanction of the bargain, the court must ensure that the agreement is not "illegal, a product of collusion, or contrary to the public interest." *Williams v. Vukovich,* 720 F.2d 909, 920 (6th Cir.1983).

4. The appellate court must give some deference, however, to the district judge's views on interpretation where the judge oversaw and approved the decree. *Board of Education of the City of Chicago,* 717 F.2d at 382. Indeed, where the district judge has overseen the litigation generated by the decree and the underlying dispute for an extensive period of time, his interpretation of the decree will be reversed only for an abuse of discretion. *See Ferrell,* 743 F.2d at 461. In the case at bar, however, the district judge neither oversaw the original decree nor had any other subsequent connection with the case until Radick's motion was filed.

5. The district judge who approved the original decree did not enter the order reviewed in the case at bar. *See supra* note 4.

 Assuming, *arguendo*, that the issue was not waived, we hold that the issue was not properly presented because Radick failed to come forward with any evidence to support his allegations. That is, the burden of producing evidence to support the motion was on Radick; if he did not produce any evidence, the court was constrained to enter judgment for Illinois. To prevail on a motion to modify a consent decree because of changed circumstances, the movant must show that these changed circumstances were unforeseeable, extraordinary, and imposed such a heavy burden as to constitute a "grievous wrong." *Freedman*, 730 F.2d at 514.[6] The three affidavits filed by Radick simply established that the consent decree had been violated in a number of respects during 1983. A violation of a consent decree is not extraordinary or unforeseeable. Rather than rewrite the decree, the appropriate remedy is a civil or criminal contempt action. *See United States v. Board of Education of the City of Chicago*, 744 F.2d 1300, 1308 (7th Cir.1984). The alleged unforeseen construction delays that came to Radick's attention in January 1984 were, conceivably, sufficiently extraordinary and unforeseeable to merit extension of the decree. But Radick presented no facts to support this allegation.

### III

In sum, the district court correctly allowed Radick to intervene in the action as a third-party beneficiary of the consent decree. The court erred in voiding the two-year limit on the decree's time-span. We refuse to remand for consideration of whether extension of the two-year limit was necessary because of "changed circumstances" because that issue was not properly presented below: Radick failed to discharge his burden to produce some evidence that would justify a finding of changed circumstances.

The judgment below is therefore affirmed in part and reversed in part. If deficiencies in prison library facilities persist, the appropriate remedy for Radick is to file a new lawsuit in his own right. Each party shall bear its own costs.

---

**6.** This court has recently indicated that these criteria should be construed more liberally in the context of institutional reform litigation. *Alliance to End Repression v. City of Chicago*, 742 F.2d 1007, 1020 (7th Cir.1984) (en banc). Yet no matter how liberal the standard for modifying the consent decree, the movant cannot gain relief if he fails to produce evidence showing the need for such a modification. Here, Radick presented no evidence that indicated that the appropriate remedy was to rewrite the decree, rather than simply to order damages or compliance with the decree under pain of contempt. *See infra.*