**Frances M. LANIGAN, Plaintiff,**

v.

**LaSALLE NATIONAL BANK, Robert Hunter, Kalman S. Lieberman, William M. Donne, Joyce E. Penner, Michael C. Birnkrant, Douglas P. Maloney, David H. Murphy and Joseph Stone, Defendants.**

**No. 84 C 9676.**

United States District Court, N.D. Illinois, E.D.

Nov. 14, 1985.

See also 609 F.Supp. 1000.

National Bank and eight individual defendants alleging a breach of fiduciary duty relating to a trust in which Lanigan holds a beneficial interest. Lanigan has moved for leave to amend her complaint to add a second count, an additional individual defendant and a claim for attorneys' fees. For the following reasons, the motion is granted.

### I. *Factual Background*

This case arose from a trust agreement executed on July 13, 1962. The agreement resulted from previous transactions involving the trust property, a tract of real estate known as the "Fair Oaks property." Defendant Kalman Lieberman ("Lieberman") purchased the Fair Oaks property in 1958 in behalf of himself and several other persons ("the Lieberman group"). Another group of people, the "Deany group," sought to redeem the Fair Oaks property soon after the Lieberman group purchase. A settlement agreement was entered between the two groups by which a tax deed issued to Lieberman, with each group holding an individual beneficial interest in a percentage of the property. After the Lieberman group split up into two separate groups, each holding an individual interest in part of the property, the resulting three groups executed a twenty-year trust agreement whereby the Fair Oaks property was conveyed to defendant LaSalle National Bank as trustee. Each of the three groups maintained a beneficial interest in the trust property. Two members of each group signed the trust agreement as representatives of the individual interest holders, including Lanigan's late husband, who was her predecessor in interest to her beneficial interest.

The trust was to expire by its own terms on July 13, 1982, twenty years following its inception. This case involves the attempted extension of the trust agreement for an additional twenty years by purported representatives of each of these groups. Lanigan, an individual beneficial interest holder in the Deany group, claims that defendants breached the fiduciary duty owed to her as

James E. Beckley, Richard S. Schultz, Howard R. Slater, Chicago, Ill., for plaintiff.

Jerome T. Murphy, Robert J. Trizna, Joel M. Carlins, Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Frances Lanigan ("Lanigan") filed this diversity action against LaSalle

a trust beneficiary by extending the trust agreement without her consent. She alleges that the parties to the original settlement agreement between the Lieberman group and the Deany group agreed that the trust property was to be sold as soon as a reasonable offer was received.

Plaintiff Lanigan now seeks to amend her complaint for three purposes.

First, she wants to add a second count, asking this Court to declare the extension of the trust agreement void and to put the trust property into receivership in order to have it sold and the proceeds distributed in proportion to the various ownership interests. She also seeks an accounting and requests that each individual defendant be held personally liable for the alleged breach.

Second, she moves to add Jerome T. Murphy, counsel for three of the individual defendants, as a defendant in this matter on both the original count and the proposed second count. She alleges that Jerome Murphy was involved in the extension of the trust agreement in that he had acted as a representative for the "Deany group" and that he "encouraged" defendant Robert Hunter to sign the extension even though the latter had already resigned his position as a Deany group representative.

Finally, plaintiff wishes to add a claim for attorneys' fees to the breach of fiduciary duty claim (Count I).

## II. *Motion to Add Count II*

Under Rule 15(a) of the Federal Rules of Civil Procedure, once a defendant has answered, the plaintiff may amend the complaint "only by leave of the court or by written consent of the adverse party." Fed.R.Civ.P. 15(a). Rule 15(a) directs the courts to grant leave to amend freely "when justice so requires," and the courts have consistently applied this liberal standard. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Stern v. United States Gypsum, Inc.,* 547 F.2d 1329, 1334 (7th Cir.), *cert. denied,* 434 U.S. 975, 98 S.Ct. 533, 54 L.Ed.2d 467 (1977). This does not mean, however, that the interests of defendants are not to be

considered. In situations where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, etc.," motions to amend will not be allowed. *Foman,* 371 U.S. at 182, 83 S.Ct. at 230. The determination as to whether leave to amend should be granted is committed to the discretion of the trial court. *Id.*

It should be noted initially that virtually every amendment to a complaint results in some degree of prejudice to the defendant in that the potential for additional discovery arises as well as the possibility of a delay of the trial date. Thus, we have held that a motion for leave to amend will be denied only where such amendment would cause "undue prejudice" to the defendant. *Hess v. Gray,* 85 F.R.D. 15, 20 (N.D.Ill. 1979). Undue prejudice has been found, for example, in cases where the amendment "brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint" and where the amendment would require expensive and time-consuming additional discovery. *A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp.,* 68 F.R.D. 383, 385 (N.D.Ill.1975).

■ Given these standards, we must now examine the history of this litigation in order to determine whether allowance of the plaintiff's motion will impose undue prejudice on defendants. The plaintiff originally filed this case on November 7, 1984, after which defendants answered and filed a counterclaim. Since then, there have been numerous discovery disputes, primarily involving defendants' refusal to produce certain documents. As a result of these disputes, on June 7, 1985, plaintiff found it necessary to request an extension of the original date for closing discovery and filing of a pretrial order from June 1985 until September 1985. The request was granted, and the pretrial date has

since been pushed back two additional times.

Through the course of discovery, plaintiff maintains that she discovered facts which lead her to believe that the trust extension was invalid in that it did not occur before the date the trust expired and was not signed by a legitimate representative of the Deany group, of which plaintiff was a beneficiary. It is not uncommon that facts disclosed in discovery lead to new claims, and courts may properly allow the plaintiff to amend the complaint in light of this new information. *See, e.g., Farr v. United Airlines, Inc.*, 84 F.R.D. 618, 620 (N.D.Ill.1979); 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1488 (1971).

In examining the prejudicial impact which plaintiff's proposed amendment would cause, we first note that the controversy surrounding the purported extension of the trust agreement is fundamental to both the original count for breach of fiduciary duty and the proposed amended count for an equitable declaration of an invalid trust. Thus, the factual circumstances which would shed light on the first count would be enlightening as well for the second. This limits, and may even foreclose, the amount of additional discovery necessary in conjunction with the amended count.

Furthermore, plaintiff seeks the same remedies as relief for the proposed amended count as were sought in the original count. The second count would not entail an entirely new or separate claim, but merely an alternative theory of recovery based on the same basic fact pattern. This would minimize any changes in strategy necessary for defendants if the motion is allowed, and thus limit its prejudicial impact. Nor is the fact that this motion came relatively late in the course of this litigation, in itself, a sufficient basis for denying the motion. *Issen v. GSC Enterprises, Inc.*, 522 F.Supp. 390, 394 (N.D.Ill.1981). Furthermore, this is not a case where the plaintiff has attempted repeatedly to amend her complaint such that defendants would be in the awkward position of continually adjusting to the changes. Rather, this has been plaintiff's first attempt at amending her complaint, and in the absence of some indication that bad faith was involved, we cannot say there will be undue prejudice to defendants if we allow the motion.

Defendants have not demonstrated with any detail how they will be prejudiced by the proposed amendment, choosing instead to attempt an argument of the merits of the underlying cause in their response memorandum. Since there does not appear to be any undue prejudice likely to result from this change, we hereby allow the motion to amend the complaint with a second count.

*Motion to Add A Party Under Rule 21*

The addition of parties to an action is governed by Rule 21 of the Federal Rules of Civil Procedure, which states that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed.R. Civ.P. 21. In evaluating motions to add a party, we must evaluate the prejudice to the non-moving party which may result if the motion is granted. *See South v. Rowe*, 102 F.R.D. 152, 157 (N.D.Ill.1984), *aff'd on other grounds, rev'd on other grounds*, 759 F.2d 610 (7th Cir.1985). Notions of judicial economy are also pertinent, in that we seek to avoid multiple lawsuits where one will do. *Id.* Furthermore, the liberal standards adopted in Rule 15 motions are also appropriate in motions to add a party.

■ In late July 1985, plaintiff subpoenaed Jerome T. Murphy ("Murphy"), counsel for three of the individual defendants, to appear for deposition and to produce documents related to the purported trust extension agreement. Plaintiff asserts that facts discovered regarding Murphy's participation in the trust extension indicate that his involvement may lead to liability under both the first count and the proposed second count. He is alleged to have acted in some sort of representative capacity for

the Deany group, of which plaintiff was a member. Furthermore, plaintiff asserts that Murphy encouraged Robert Hunter, one of the individual defendants, to sign the trust extension even though the latter allegedly had no authority to do so.

In evaluating the potential prejudice which could result from the inclusion of Murphy as a defendant, we note that he has been counsel to three of the individual defendants in this litigation since it was initiated. Furthermore, he has already been deposed by the plaintiff, a factor which will minimize any delay in the proceedings even if he is added as a party defendant at this late stage. We are well aware that allowing Murphy to be added as a party at this point may make it necessary for his clients, defendants Robert Hunter, David Murphy and Joseph Stone, to engage new counsel. While this may cause some delay in the proceedings, it should not overly burden defendants since the bulk of discovery has been completed, and the dispute itself seems to turn primarily on simple, factual disputes surrounding the purported trust extension agreement.

We hold that this does not represent a situation where the non-moving parties in this case will be substantially prejudiced by the addition of Jerome Murphy as a party defendant. Accordingly, we hereby allow the Rule 21 motion to add Jerome Murphy as a defendant in this action.

### III. Motion to Add Claim For Attorneys' Fees

Finally, we hold that the addition of a claim for attorneys' fees in Count I will not unduly prejudice the defendants in this case. The issue of attorneys' fees is a supplemental matter which is limited in scope and will not require discovery or further delay in these proceedings. No prejudice is likely to result from this minor alteration of Count I, and, assuming this states a claim, plaintiff is entitled to pursue this particular form of relief.

### IV. Conclusion

Plaintiff's motion to amend her complaint is hereby granted in all respects.[1] It is so ordered.

---

1. Defendants, in their response to this motion, claim that the plaintiff has acted with dilatory motive, and that plaintiff should have known the facts on which she bases her new claims prior to the time this motion was filed. While we do not find that any prejudice will result from allowance of this motion, we are cognizant of the fact that it may result in some additional costs to the defendants. At the termination of this litigation, defendants, if they so choose, may move for any costs incurred which are directly related to any delay caused by the allowance of the plaintiff's motion to amend.