**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**CITY OF CHICAGO, et al.,**
**Defendants–Appellees.**

**Appeals of Linda L. NELSON, Mary J. Jones, Marsha S. Feldman, Bernice Ziolkowski, Diane J. Olsen, Doris J. Bullock (Washington), Carole Allen, Patricia Stube, Jane Kelley, Sharon Urbon, Joanne Ryan, Alberta R. Gordon, Joan Beibel, Ann Erwin, Juanita Johnson, and Ellen Nolan Egan.**

**Nos. 89–2395, 89–2715.**

United States Court of Appeals,
Seventh Circuit.

Argued April 13, 1990.

Decided July 24, 1990.

As Amended July 25, 1990.

Anton R. Valukas, U.S. Atty., Margaret C. Gordon, Asst. U.S. Atty., Office of the U.S. Atty., Chicago, Ill., Cynthia Drabek, Office of the U.S. Dept. of Justice, Civil Rights Div., Employment Litigation Section, Dennis J. Dimsey, Dept. of Justice, Civil Rights Div., Appellate Section, Marie K. McElderry, U.S. Dept. of Justice, Washington, D.C., for U.S.

John L. Gubbins, Gubbins & Associates, Kimberly A. Sutherland, Sidney Z. Karasik, Lydon & Griffin, Richard M. Gutman, Perry L. Fuller, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Heidi Streeky–Genet, Holstein, Mack & Klein, Charles D. Knight, Rothchild, Barry & Myers, Robert A. Filpi, Stack & Filpi, John F. McCarthy, McCarthy & Levin, Chicago, Ill., John F. Small, Hickory Hills, Ill., Roslyn C. Lieb, Chicago, Ill., for plaintiffs-appellants.

Judson H. Miner, Robert L. Janega, Ruth M. Moscovitch, Asst. Corp. Counsel, Sarah Vanderwicken, Frederick S. Rhine, Kelly R. Welsh, Asst. Corp. Counsels, Jay M. Kertez, Office of the Corp. Counsel, Appeals Div., Chicago, Ill., for defendants-appellees.

Before BAUER, Chief Judge, CUDAHY and POSNER, Circuit Judges.

CUDAHY, Circuit Judge.

This suit was originally filed against the City of Chicago by the United States government in 1973, a long, long time ago. The suit alleged that the City had discriminated on the basis of race and gender in hiring into and promoting within its Police Department in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* In January of 1976, the district court found that the City had followed an explicit policy of refusing to hire and promote women on the same basis as men, and ordered the United States to commence discovery necessary to seek relevant awards of backpay and retroactive seniority relief. The district court warned that ancillary proceedings would be conducted if the United States and the City could not come to an agreement on the appropriate remedy.

On April 4, 1988, the United States and the City filed a joint motion for approval of a consent decree in final resolution of the aforementioned backpay and seniority issues. The proposed consent decree provides for an interest-bearing backpay fund of over $9,000,000 and also provides for the adjustment of seniority dates of the victims of discrimination. The Erwin petitioners (a group of female sergeants and patrol officers employed by the Chicago Police Department) sought, in 1988 (some 15 years after the suit was originally filed), to intervene for the purpose of obtaining individualized relief. The Erwin petitioners also filed objections to the proposed consent decree. The district court denied this motion to intervene on timeliness grounds and, after a fairness hearing, approved the proposed consent decree. The district court reasoned that the intervention of the Erwin petitioners would have the probable effect of scrapping a settlement that was acceptable to a large majority of the victims and that had taken a great deal of compromise and many, many years to achieve.

The Erwin petitioners appeal on the grounds: (1) that they should be allowed to intervene to prove their actual damages because (since the federal government did

not adequately represent their interests) the consent decree provides them with substantially less than their actual damages; and (2) that the consent decree approved by the district court is unfair to women because it treats women differently on account of their gender and, in some cases, on account of their race. We affirm the denial of the Erwin petitioner's motion to intervene as untimely. Accordingly, we also decline to examine fully the merits of the petitioners' objections to the fairness of the consent decree.

## I. Analysis

The Erwin petitioners sought to intervene as of right under Federal Rule of Civil Procedure 24(a) or, alternatively, to intervene permissively under Federal Rule 24(b). Both forms of intervention require that a motion to intervene be *timely*. The Erwin petitioners contend that their motion to intervene was made in a timely fashion because they were unaware, until the consent decree was proposed (and not earlier), that the federal government—in their eyes—had not been adequately representing their interests. But, whether or not the interests of the Erwin petitioners were "adequately represented" by the federal government is not a direct ingredient of the timeliness question as such. Federal Rule of Civil Procedure 24(a) requires at least three different things: that a motion to intervene be timely; that a federal statute confer an unconditional right to intervene; and that the applicant's interest not be adequately represented by existing parties. While it may be true that an "adequate representation" analysis may be affected by the timeliness of a motion to intervene, the fact also remains that an untimely motion will fail even if the other requirements of the Rule are satisfied.

In *South v. Rowe*, 759 F.2d 610, 612 (7th Cir.1985), we held that the district court is to use a "totality of the circumstances" test in deciding whether a motion to intervene was made in a timely fashion.[1] In that same case we also noted that the timeliness of a motion to intervene is "committed to the sound discretion of the district judge." *Id.* Hence, we review the denial of a motion to intervene on timeliness grounds for the abuse of judicial discretion. *NAACP v. New York*, 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973). In an appeal from the denial of a motion to intervene by another group of petitioners in this same case, this court recently noted that "Judge Marshall thinks that this case should be winding down, as do members of this court. Litigation will have no end if every time parties resolve amicably (or drop) a point of contention, someone else intervenes to keep the ball in the air.... It was not an abuse to deny this application and so bring closer the finale of this exhausting case." *United States v. City of Chicago* (Appeal of Kimber), 897 F.2d 243, 244 (7th Cir.1990) (citations omitted). While this recent expression of sentiment does not by any means touch on all the relevant factors, it certainly presents one important dimension.

The Erwin petitioners argue that, as victims of gender and racial discrimination, they should have been hired and promoted in accordance with their numbers in the relevant applicant pools throughout the period of time that discrimination continued against them, and that they should be given full backpay with interest and retroactive seniority. But, total, individualized relief is too much to expect from a consent decree which attempts to remedy many wrongs and redress many groups. After considering the total picture, we can find no abuse of discretion in this case.[2] The

1. As an example of factors to be considered in assessing the "totality of the circumstances" we listed "the length of time the intervenor knew or should have known of his interest in [the] case." 759 F.2d at 612. Note that this is not the same thing as the length of time the petitioner knew or should have known that his interests were not being adequately represented. The two in-

quiries are different and serve different purposes.

2. We pause here to note that the Erwin petitioners' motion to intervene would probably fail on other grounds as well. To intervene as a matter of right under Federal Rule of Civil Procedure 24(a), for example, the Erwin petitioners must show that their interests were not being ade-

district court decided that, under the circumstances, this motion came too late, and we agree.

■■■■ The Erwin petitioners are also attacking the gender and racial fairness of the consent decree. As the federal government's brief (a brief also adopted by the City) points out, however, the Erwin petitioners have no right to attack the fairness of the consent decree because they are not *parties* to the agreement. *Marino v. Ortiz*, 484 U.S. 301, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988). Even so, we pause to note as we have before, that the district court's discretion to approve a consent decree is quite broad. *EEOC v. Hiram Walker & Sons, Inc.*, 768 F.2d 884 (7th Cir.1985), *cert. denied*, 478 U.S. 1004, 106 S.Ct. 3293, 92 L.Ed.2d 709 (1986). And, the transcript of the fairness hearing makes it apparent that the district court was nothing but thorough in its assessment of the fairness of the decree. Hence, even if the Erwin petitioners were able to attack the fairness of the consent decree, their attack would surely fail.

## II.  Conclusion

For all the foregoing reasons, the district court's decision to deny the Erwin petitioners' motion to intervene is

AFFIRMED.

■■■■■■■■■

quately represented by the federal government. This is something that the petitioners have difficulty showing. The petitioners are unhappy with the consent decree, in part, because they think it does not provide them with enough backpay. The fact remains, however, that they are being provided with substantial redress—even though they think that they are deserving of another $1,000,000 or so. This fact does not show that their interests were not *adequately* represented, however. In fact, the Erwin petitioners are seeking to assert exactly the same claims pressed by the federal government—only

in more individualized form. One must simply expect compromise from consent decree negotiations.

To intervene permissively, on the other hand, the Erwin petitioners must show that their intervention would not unduly delay or prejudice the rights of the original parties. It is beyond question that both substantial delay and prejudice will result to the parties if the Erwin petitioners are allowed to intervene at this late date. Hence, the Erwin petitioners have failed to present adequate grounds for intervention.