No. 92–1136.

**B.H., C.H., J.E., C.Z., E.G., O.G., S.G., C.G., P.G. and A.G., by their next friend, Susan Tone PIERCE, individually and on behalf of all others similarly situated, Plaintiffs–Appellees,**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 14, 1992.

Decided Jan. 14, 1993.

v.

**Patrick T. MURPHY, Cook County Public Guardian, Proposed Intervening Plaintiff–Appellant,**

v.

**Sterling M. RYDER, Acting Director of the Illinois Department of Children and Family Services, Defendant–Appellant.**

Michael L. Brody, Jeanne L. Nowaczewski, Lynn E. Rzonca, Schiff, Hardin & Waite, Lee A. Lowder, Office of the Public Guardian, Benjamin S. Wolf, Susan Wishnick, Roger Baldwin Foundation of ACLU, Inc., Patrick T. Murphy (argued), Kathleen G. Kennedy, Chicago, IL, for plaintiffs-appellees.

Thomas J. Wiegand, Winston & Strawn, Michael L. Brody, Jeanne L. Nowaczewski, Lynn E. Rzonca, Schiff, Hardin & Waite, Christine M. Tchen (argued), Susan Getzendanner, Charles F. Smith, Kimberley K. Baer, Hilary K. Krane, Skadden, Arps, Slate, Meagher & Flom, Benjamin S. Wolf, Susan Wishnick, Roger Baldwin Foundation of ACLU, Inc., Chicago, IL, for defendant-appellee.

Before CUDAHY, RIPPLE, and KANNE, Circuit Judges.

CUDAHY, Circuit Judge.

Twice the Cook County Public Guardian, Patrick Murphy, sought to intervene in this action against the Director of the Illinois Department of Children and Family Services. Twice his motions were denied. Now, after this court dismissed his appeal of the second denial of intervention and after the two original parties entered a consent decree that the district judge approved as fair, reasonable and adequate, Mr. Murphy appeals both district court orders denying his motions to intervene and also challenges the fairness and adequacy of the consent decree. We dismiss Mr. Murphy's appeal for lack of jurisdiction on grounds of untimeliness and because, with respect to the decree, he lacks standing to challenge the district court's rulings.

## I.

The Department of Children and Family Services (DCFS) is the state agency responsible for providing protective and welfare services to abused and neglected children and their families. The plaintiffs here—a class of all children who have been or will be in the custody of the DCFS and placed by it somewhere other than with their biological parents—filed suit in June of 1988 seeking declaratory and injunctive relief against the Director of the DCFS.[1] They asserted that various DCFS actions violated their right to adequate and safe placements and care under the Fourteenth Amendment, 42 U.S.C. § 1983 and the Adoption Assistance and Child Welfare Act of 1980, 42 U.S.C. §§ 620–28, 670–79(a).

On May 30, 1989, the district court granted in part and denied in part DCFS's motion to dismiss the action. *B.H. v. Johnson*, 715 F.Supp. 1387 (N.D.Ill.1989). Specifically, the court held that the plaintiffs stated valid claims under the Fourteenth Amendment for violations of their constitutional right "to be free from arbitrary intrusions upon their physical and emotional well-being while directly or indirectly in state custody, and to be provided with adequate food, shelter, clothing, medical care, and minimally adequate training to secure these basic constitutional rights." *Id.* at 1405. The court also determined that the plaintiffs set forth a proper claim for violations of the Adoption Assistance and Child Welfare Act's case plan and case review requirements, but dismissed the plaintiffs' equal protection claims, their due process claims for violation of state statutory provisions and their remaining substantive due process claims. *Id.*

After extensive discovery over the course of two years, the parties agreed in August 1990 to the district judge's sugges-

tion that they work toward settlement with the help of court-appointed experts who would assess DCFS's procedures and recommend improvements. The settlement process, conducted pursuant to Federal Rule of Evidence 706,[2] culminated in the consent decree, which the district court approved on December 20, 1991. This document imposes detailed requirements upon the DCFS in areas ranging from case management and case planning to assessments and accountability.

Mr. Murphy, meanwhile, was not satisfied with how the case was proceeding. He contended that his status as guardian *ad litem* for thousands of children in the juvenile court system gave him a substantial interest in the proceedings and justified his participation. Under the Juvenile Court Act of Illinois, a guardian *ad litem* must be appointed upon the filing in state court of a petition alleging child abuse or neglect, Juvenile Court Act § 2–17, Ill.Rev.Stat. ch. 37, § 802–17 (1990), and Mr. Murphy serves in that role in the Cook County juvenile court system. In September 1990 he filed a motion to intervene in this case, complaining that the counsel for the plaintiffs' class were inadequately representing them. The district court denied the motion, holding that Mr. Murphy failed to demonstrate a direct interest or to explain why his expertise was essential to resolution of the case. The court also based its denial on timeliness grounds, noting that intervention at that stage in the settlement process "would clearly be disruptive." Transcript of Proceedings of Nov. 7, 1990, at 9. Mr. Murphy did not appeal.[3]

Mr. Murphy again moved to intervene on April 24, 1991, on essentially the same grounds offered in his first motion. When the district court denied that motion, he appealed to this court, which dismissed the

---

**1.** The Director at the time of the action, Sue Suter, was sued in her official capacity. She has since been replaced by Acting Director Sterling M. Ryder, who accordingly takes her place in this action.

**2.** Rule 706 allows the court to appoint expert witnesses. On August 31, 1990, the court entered an agreed order appointing 13 experts to

review ten substantive areas of the lawsuit and two people to manage the process.

**3.** Instead, Mr. Murphy sought to amend his complaint in another case, *K.H. v. Suter*, No. 87 C 9833 (N.D.Ill.1987), an individual damages action that the Public Guardian brought on behalf of a DCFS ward. The district judge in that case denied leave to amend.

appeal for lack of jurisdiction on July 8, 1991. Mr. Murphy now appeals both district court orders denying his motions to intervene; he also challenges the district judge's orders entering the consent decree and denying his motions to compel discovery, to expand distribution of notice and to request an evidentiary hearing and continuance of the fairness hearing.

## II.

■ We turn first to the timeliness of Mr. Murphy's appeal of the denial of his motions to intervene. Appeals must be filed within thirty days after the date of entry of the judgment or order appealed from. Fed.R.App.P. 4(a)(1). Mr. Murphy filed this appeal on January 16, 1992. Thus, this appeal's challenge of the district judge's November 7, 1990, denial of intervention—an immediately appealable order—is untimely. Similarly, Mr. Murphy's appeal of the denial (on April 26, 1991) of his second motion to intervene (a virtual carbon copy of the first) also is untimely. Even if the present appeal of the April 26, 1991, order were filed within the thirty-day time period, this court has already considered and dismissed that appeal in July of 1991 and Mr. Murphy cannot attempt to revive it now.

■ Mr. Murphy argues that the present appeal is not untimely because this court's July 1991 dismissal of his earlier appeal instructed him to wait until the end of the case. That contention is unfounded. We based that dismissal on the untimeliness of the appeal—namely, Mr. Murphy's improper attempt, by filing a virtually identical intervention motion, to circumvent his failure to appeal the first motion's denial within the required time. *See* Order of July 8, 1991, at 2. An order denying intervention is final and appealable. *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 513, 70 S.Ct. 322, 325, 94 L.Ed. 299 (1950); *United States v. City of Oakland*, 958 F.2d 300, 302 (9th Cir.1992); *see also* 7C Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure: Civil 2d* § 1923, at 508 (1986 & Supp.1991). By necessity such an order is

subject to immediate review, because denial of intervention precludes the proposed intervenor's ability to appeal the later judgment (and at that time to challenge the earlier denial of intervention). *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 378, 107 S.Ct. 1177, 1183, 94 L.Ed.2d 389 (1987); *City of Oakland*, 958 F.2d at 302. Although we noted in the order dismissing the appeal of July 1991 that parties can wait until the case's conclusion and appeal from the final decision, *see* Order of July 8, 1991, at 2, this option is limited to parties or successful intervenors; neither of these terms describes the Public Guardian. By definition, an order *denying* intervention cannot be appealed by a party or by a successful intervenor. Such an order is "interlocutory" in the sense that it is entered during the course of the litigation and prior to final judgment in the entire case; in all other respects, however, it is final and must be appealed within 30 days or not at all. We therefore lack jurisdiction to consider Mr. Murphy's untimely appeal of the denials of intervention.

■ Turning to Mr. Murphy's other complaints about the district court's rulings—most notably the court's approval of the consent decree—we find it unnecessary to reach the merits because Mr. Murphy, a non-party, lacks standing to challenge those rulings. As the Supreme Court stated in *Marino v. Ortiz*, 484 U.S. 301, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988), "[t]he rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." *Id.* at 304, 108 S.Ct. at 587; *see also Karcher v. May*, 484 U.S. 72, 77, 108 S.Ct. 388, 391, 98 L.Ed.2d 327 (1987) ("[W]e have consistently applied the general rule that one who is not a party or has not been treated as a party to a judgment has no right to appeal therefrom.") (citations omitted). In the context of consent decrees, we have stated more specifically that parties whose motions to intervene were properly denied "have no right to attack the fairness of the consent decree because they are not *parties* to the agreement." *United States v. City of Chicago*, 908 F.2d 197, 200 (7th Cir.1990), *cert.*

*denied sub nom. Feldman v. United States,* —— U.S. ——, 111 S.Ct. 783, 112 L.Ed.2d 846 (1991). Because Mr. Murphy is not a party in this case and has failed to intervene successfully, he has no standing to now challenge the district court's order entering the consent decree or its denial of motions to expand distribution of notice, to compel discovery or to request an evidentiary hearing and a continuance of the fairness hearing.

 Mr. Murphy's untimely appeal of the denial of his motions to intervene makes it unnecessary to determine whether those motions were properly denied. Even if we had jurisdiction to consider Mr. Murphy's requests for intervention, however, we would not be persuaded that the district court erred in denying those motions. Mr. Murphy sought to intervene as of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure or, alternatively, to intervene permissively pursuant to Rule 24(b). Only abuse of discretion may upset the district court's denial of permissive intervention. In that respect, there are four relevant factors: timely application, an interest relating to the subject matter of the action, potential impairment of that interest by disposition of the action and lack of adequate representation of the interest by the existing parties. *See Southmark Corp. v. Cagan,* 950 F.2d 416, 418 (7th Cir.1991). Abuse of discretion is also the standard for evaluating the court's denial of intervention of right on grounds of untimeliness. *City of Chicago,* 908 F.2d at 199. Given the ample grounds for concluding that the case and the settlement negotiations had sufficiently progressed to warrant the district court's preclusion of interventions,[4] the district court did not abuse its discretion in denying intervention solely on grounds of timeliness. Thus, that conclusion justifies denial of Mr. Murphy's motions to intervene, whether permissive or as a matter of right.

An examination of the other three factors—which are reviewed *de novo* if the intervention is of right—might arguably be more favorable for Mr. Murphy than is timeliness. Success on any or all of these factors does not trump untimeliness, however. *See Keith v. Daley,* 764 F.2d 1265, 1268 (7th Cir.1985), *cert. denied,* 474 U.S. 980, 106 S.Ct. 383, 88 L.Ed.2d 336 (1985) (stating that the failure to establish one of the four elements requires denial of the motion to intervene). As a result, even if the jurisdictional defect did not obviate this inquiry, Mr. Murphy has failed to demonstrate that the district court erroneously denied his motions to intervene.

### III.

Because we lack appellate jurisdiction to consider Mr. Murphy's appeal of the denial of his motions to intervene, and because Mr. Murphy lacks standing to challenge the district court's other rulings, the appeal is DISMISSED.

---

**4.** In the Transcript of Proceedings of Nov. 7, 1990, Judge Grady stated that

> [t]his is certainly not an ancient case, but I think timeliness has more to do with how much is over the dam by way of accomplishment in the case than it does the mere lapse of time. In this case, much has been accomplished, and at the suggestion of the Court, the parties have agreed upon a mechanism which could well result in the settlement of the case....

He later continued:

> But, clearly, Mr. Murphy is not in sympathy with the plan of litigation which the Court and counsel have adopted in an effort to resolve the complex issues in this case in the most efficient manner possible. Intervention in that state of affairs would clearly be disruptive as far as that procedure is concerned. Therefore, the Court would be reluctant to permit intervention even if Mr. Murphy had a protectable interest and the representation of the class by existing counsel were inadequate.

*See* Transcript of Proceedings of Nov. 7, 1990, at 8–9.